**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID MACKIE,

        Plaintiff,

v.                                                                          Case No. 15-12741

GREEN TREE SERVICING LLC,

        Defendant .
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS WITHOUT PREJUDICE**

Now before the court is Defendant Green Tree Servicing LLC's Motion to Dismiss. (Dkt. # 18.) The matter is fully briefed, and the court finds that a hearing is unnecessary. *See* E.D. LR 7.1(f)(2). For the reasons discussed below, the court will grant Defendant's Motion.

**I. BACKGROUND**

Plaintiff David Mackey is a resident of Dearborn, Michigan who, at some point in the past, accrued a $13,164.43 debt by unspecified means. (Dkt. # 12, Pg. ID 53; Dkt # 23-1, Pg. ID 157.) The unpaid debt was eventually assigned to Defendant Green Tree Servicing, LLC ("Green Tree"), "a Minnesota corporation, in the business of servicing mortgage loans and collecting debts." (*Id.*) Through its agent, Allen Randall, Defendant attempted to contact Plaintiff via telephone and mail about the outstanding debt.

On October 21, 2015, Plaintiff sued both Defendant Green Tree and Randall[1] for allegedly violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.[2]  In particular, Plaintiff claimed that Defendant "called numerous times, in excess of that permitted by law in [sic] and/or to annoy, abuse, or harass Mr. Mackie" and "sent deceptive and misleading collection letters to Plaintiff."  (Dkt. # 16, Pg ID 68.)  These letters allegedly stated:

> Please by advised that we cannot bring a legal action to collect this debt or threaten to so [sic] because the statute of limitations has expired.  If you do make a payment, we may later be able to bring an action to collect this debt because the payment may start a new statute of limitations.

(Id.; Dkt. 23-1, Pg. ID 158.)  Plaintiff claims that these letters caused him "to believe that the subject debt was extinguished and that the debt could not be legally enforced, when in fact it can and could be enforced," thus triggering the FDCPA. (Dkt. # 23, Pg. ID 148.)  Defendant, in turn, filed the Motion to Dismiss now before the court.

## II. STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The court views the complaint in the light most favorable to the Plaintiff and accepts all well-pleaded factual allegations as true.  *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).  The court, however, "need not accept as true legal conclusions or unwarranted factual

---

[1] On January 6, 2016, the parties stipulated and agreed to dismiss Randall from this action with prejudice.  (Dkt. # 24, Pg ID 179.)

[2] In his original Complaint, Plaintiff also alleged violations of the Michigan Occupation Code, M.C.L. § 339.901(f).  (Dkt. # 1, Pg ID 4.)  However, Plaintiff abandoned his state law claim in his Second Amendment Complaint.  (Dkt. # 16, Pg. ID 66.)

inferences." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby County,* 220 F.3d 433, 446 (6th Cir. 2000)).

To survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Bare allegations are not enough. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir.1997)).

### III. DISCUSSION

As an initial matter, Plaintiff has "agree[d] to abandon alleged claims based on the phone calls." (Dkt. # 23, Pg. ID .) As such, the court need only decide whether Plaintiff has sufficiently pleaded facts within his Second Amended Complaint to survive Defendant's 12(b)(6) Motion as it relates to the disputed collection letters. Specifically, Plaintiff has alleged that (1) Defendant "ma[de] a false representation about the statute of limitations, regarding the character, amount, or legal status of the subject debt, and

3

using generally false, misleading, or unfair methods to collect the debt, in violation of general prohibitions in 15 U.S.C. § 1692e;" (2) "us[ed] unfair and unconscionable means to collect the debt, in violation of the general prohibitions in 15 U.S.C. § 1692f;" and (3) "sen[t] misleading and confusing letters relating to a false assertion or calculation of the applicable statute of limitations and in violations of 15 U.S.C. § 1692g." (Dkt. # 16, Pg. ID 69.)

### A. 15 U.S.C. § 1692e

Plaintiff argues that Defendant violated 15 U.S.C. § 1692e by "making a false representation about the statute of limitations" in its collection letter, (*Id.*), namely that Defendant could not "bring a legal action to collect this debt or threaten to [do] so because the statute of limitations ha[d] expired." Section 1692e prohibits the "use of any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. In making this determination, the court must view the allegedly false or misleading statements "through the eyes of the 'least sophisticated consumer.'" *Currier v. First Resolution Inv. Corp.,* 762 F.3d 529, 533 (6th Cir. 2014). This is an objective test that "asks whether there is a reasonable likelihood that an unsophisticated consumer who is willing to consider carefully the contents of a communication might yet be misled by them." *Grden v. Leikin Ingber & Winters PC,* 643 F.3d 169, 172 (6th Cir. 2011) (citing *Miller v. Javitch, Block & Rathbone,* 561 F.3d 588, 592 (6th Cir. 2009)). "This standard recognizes that the FDCPA protects the gullible and the shrewd alike while simultaneously presuming a basic level of reasonableness and understanding on the part of the debtor, thus preventing liability for bizarre or idiosyncratic interpretations of debt collection notices." *Currier,* 762 F.3d at 533.

4

Against this legal backdrop, Plaintiff claims that the above mentioned statement is false and misleading and would have caused an unsophisticated consumer "to believe that the subject debt was extinguished and that the debt could not be legally enforced when in fact it can and could be enforced." (Dkt. # 16, Pg ID. 69.) The court agrees with Defendant's argument that Plaintiff "has not offer[ed in the complaint] a factual basis for his conclusion." (Dkt. # 25, Pg ID. 185.)

Plaintiff's Second Amended Complaint contains only a bare-bones recitation of the elements of § 1692e, and is bereft of any factual specificity needed "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. While Plaintiff has identified in the collection letter a statement which he claims is false, i.e., that the statute of limitations had passed, Plaintiff has not alleged how he justifies the bald assertion of falsity pertaining to that statement (for example by explaining even briefly when the statute of limitations would, according to him, take effect), or how it is that the debt could actually and properly continue to be collected. To compensate, he has argued for the first time in his response that a payment had been made in 2010, thus re-starting the statute of limitations. (Dkt. # 23, Pg. ID 148.) He proffers a printout purporting to demonstrate this point. (Dkt. # 23-2, Pg. ID 161.) However, neither the date nor the alleged payment were mentioned in Plaintiff's Second Amended Complaint, making the court's consideration of them problematic.

Having submitted records as an exhibit to his response to the instant motion, Plaintiff has activated Rule 12(d). The Rule states that ". . . on a motion under Rule 12(b)(6) or 12(c), [if] matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Accordingly, the court may in its discretion either consider these

5

matters and convert the motion to one for summary judgment, or exclude the extra-pleading materials and apply the standard set forth in Rule 12(c) or 12(b)(6). *See Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.,* 452 F.3d 494, 503 (6th Cir.2006). Considering the early stage of the litigation in this case, converting Defendant's Rule 12(b)(6) motion into one for summary judgment would be "premature." *Hester v. United Healthcare Ins. Co.,* No. 08-105, 2009 WL 128303, at *1 (E.D. Tenn. Jan. 16, 2009) ("Little or no discovery has taken place so as to allow the parties to argue, and the Court to determine, whether a genuine issue of material fact exists.") The court therefore excludes the extra-pleading evidence offered in conjunction with Plaintiffs' response to the instant motion, and will treat the motion as it was originally presented, i.e., pursuant to Rule 12(b)(6).

When considering claims related to statutes of limitations, courts generally require plaintiffs to plead specific dates. *Cf. Cty. Of Inyo v. Dept. of Interior,* No. 06-1502, 2008 WL 4754849, at *2 (E.D. Cal. Oct. 30, 2008) (implying that absent additional information already on the record from a previous order, the court would have dismissed on the ground that plaintiff failed to plead with particularity compliance with the act's statute of limitations, including the date that plaintiff asserts its cause of action accrued); *Home Quest Mortg. LLC v. Am. Fam. Mut. Ins. Co.,* 340 F. Supp. 1177, 1183 (D. Kan. 2004) ("The court declines to address defendants' statute of limitations15- arguments largely because plaintiffs' complaint does not allege with sufficient clarity the exact dates when a variety of events occured . . . ."); 51 Am.Jur.2d *Limitations of Actions* § 163 ("One may not avoid the effect of the statute of limitations on the ground of fraudulent concealment if he or she fails to plead or offer evidence as to when he or she discovered the alleged fraud."). In the absence of such pleaded facts, the court is

6

unable "to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Plaintiff has failed to meet his burden and the court will grant this aspect of Defendant's Motion.

### B. 15 U.S.C. §§ 1692f and 1692g

Plaintiff also alleges that Defendant "us[ed] unfair or unconscionable means to collect the debt" and "sen[t] misleading and confusing letters" in violation of 15 U.S.C. §§ 1692f and 1692g. (Dkt. # 16, Pg. ID 69.) Defendant seeks dismissal on both counts, arguing that Plaintiff has not alleged "any corresponding factual context" to support these claims. Plaintiff has failed to respond to these portions of Defendant's Motion to Dismiss and has thus forfeited his opportunity to oppose the Motion in this regard. *Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.,* 531 F. App'x 567 (6th Cir. 2013) ("Notredan's response to the motion to dismiss did not address this argument. This failure amounts to a forfeiture of the [claim]."); *Scott v. State of Tenn.,* No. 88-6095, 1989 WL 72470, at *2 (6th Cir. July 3, 1989) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."). The court will grant this aspect of Defendant's Motion.

### IV. CONCLUSION

IT IS ORDERED that Defendant's Motion to Dismiss (Dkt. # 18) is GRANTED.

      s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 26, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 26, 2016, by electronic and/or ordinary mail.

                                           s/Lisa Wagner
                                           Case Manager and Deputy Clerk
                                           (313) 234-5522